KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Samora McIntosh, et al., | ) | No. CV 07-1287-PHX-DGC (JCG) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Michael Barth, et al., | ) | |
| Defendants. | ) | |

Plaintiffs Samora McIntosh, Sheldon McIntosh, Theodore McDowell, Abraheim Kane and Dwight Rhone, who are confined in the Maricopa County Lower Buckeye Jail, have filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The filing fee has been paid. Defendants Barth, Blomo, Madden and Washington have filed a Motion to Dismiss (Doc. #13). The Court will dismiss the action and deny Defendants' Motion to Dismiss as moot.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

(*en banc*). Plaintiffs' Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## II.  Complaint

Plaintiffs name the following Defendants in the Complaint: (1) Court Commissioner Michael Barth, Maricopa County; (2) Court Commissioner Sheila Madden, Maricopa County; (3) Court Commissioner James Blomo, Maricopa County; (4) Court Commissioner Eartha Washington, Maricopa County; (5) Avondale Police Department Detective J. Martin; (6) Avondale Police Department Patrol Sergeant D. Armstrong; (7) Avondale Police Department Detective A . Bullock; and (8) Avondale Police Department Patrolman R. Sayles.

Plaintiffs allege seven grounds for relief: (1) Defendant Barth issued an improper search warrant in violation of the Fourth Amendment; (2) Defendant Barth's actions violated Plaintiffs' Fourteenth Amendment equal protection rights; (3) Defendants Madden, Blomo, and Washington violated Plaintiffs' Fourteenth Amendment due process rights; (4) Defendants Madden, Blomo, and Washington violated Plaintiffs' Sixth Amendment right to be represented by counsel of Plaintiffs' choice; (5) Defendants Martin, Armstrong, Bullock, and Sayles' search of Plaintiffs' residence violated Plaintiffs' Fourth Amendment rights; (6) Defendants committed the state torts of false arrest and false imprisonment; and (7) Defendants Martin, Armstrong, Bullock and Salyes committed the state tort of theft of Plaintiffs' federal reserve notes. Plaintiffs seek money damages.

## III.  Failure to State a Claim

### A.  Judicial Immunity

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of

acting maliciously and corruptly, Peirson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or procedure, Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); see also Ammons v. Baldwin, 705 F.2d 1445, 1446-48 (11th Cir. 1983) (judge entitled to immunity from a claim that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-78 (9th Cir. 1989).

Regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in the judge's official capacity. O'Neill v. City of Lake Oswego, 642 F.2d 367 (9th Cir. 1981) (*pro tem* municipal judge); Tanner, 879 F.2d at 577-78 (magistrate); Brewer v. Blackwell, 692 F.2d 387, 396 (11th Cir. 1982) (justice of the peace).

Plaintiffs' allegations against Defendants Barth, Madden, Blomo and Washington relate to their actions taken as judges in Plaintiffs' criminal proceedings. Defendants are entitled to absolute immunity. These Defendants, and the claims against them, will be dismissed for failure to state a claim.

**B.     Fourth Amendment Claims**

Plaintiffs claim that Defendants Martin, Armstrong, Bullock, and Sayles conducted a warrantless search in violation of Plaintiffs' Fourth Amendment rights. Plaintiffs' § 1983 Complaint is premature because their convictions have never been reversed, expunged or otherwise invalidated. The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-7 (1994) (emphasis in original) (footnote omitted).

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. Id. If it does, the complaint must be dismissed if the conviction or sentence has not already been invalidated.

1       In this case, Plaintiffs state that the search at issue resulted in their arrest for
2 possession of marijuana.  Because Plaintiffs have not yet been convicted, the appropriate
3 context for challenging the legality of the search is their criminal proceedings.  Plaintiffs may
4 not recover money damages for the illegal search until they show that the charges against
5 them have been dropped or that any resulting conviction is ultimately reversed, expunged,
6 or declared invalid.  Accordingly, Plaintiffs' Fourth Amendment claims must be dismissed.

7       **C.**    **Claims Raised Under Supplemental Jurisdiction**

8       Because the Court will dismiss Plaintiffs' federal claims, the Court will decline
9 supplemental jurisdiction over the remaining state law claims and will dismiss them without
10 prejudice.  See Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994)
11 (when federal law claims are eliminated before trial, the court generally should decline
12 jurisdiction over state law claims and dismiss them without prejudice).

13 **IV.**    **Dismissal Without Leave to Amend**

14       The Court will not grant leave to amend because the defects in the Complaint cannot
15 be cured by amendment.  Where amendment would be futile, there is no reason to prolong
16 litigation by allowing further amendments.  Lipton v. Pathogenesis Corp., 284 F.3d 1027,
17 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau,
18 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be permitted).

19       **IT IS ORDERED:**

20       (1)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to
21 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

22       (2)    The Clerk of Court must make an entry on the docket stating that the dismissal
23 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

24       (3)    All pending Motions are **denied as moot**.

25       DATED this 12th day of October, 2007.

26
27
28

*(signature)*
David G. Campbell
United States District Judge